UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FILED
MAY 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE SYLVESTER WATTS,        :
USP-Lee
POB 305                Petitioner,    :
Jonesville, VA 24263

                              :        Case: 1:07-cv-00913
FEDERAL BUREAU OF PRISONS,             Assigned To : Unassigned
                                       Assign. Date : 5/16/2007
             Respondents.     :        Description: Habeas Corpus


PETITION FOR WRIT OF HABEAS CORPUS

Comes Now ANDRE SYLVESTER WATTS, debtor of Andre Sylvester Watts, the Secured Party Creditor and petition the district court for issuance of a writ of habeas corpus to issue an order voiding the public safety factor.

JURISDICTION/VENUE

In accordance with your law, 28 U.S.C. § 2241 and the fact that the respondent filed an answer upholding the presence of the public safety makes venue proper by virtue of the fact that the respondent office is DISTRICT OF COLUMBIA where he omitted his duty to vacate the public safety factor because it is being erroneously applied.

(1)

RECEIVED
APR 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

STATEMENT OF THE FACTS

    On or about January 24, 2007 the petitioner began seeking removal of the public safety factors from his institutional records because the basis was not met. This claim was pursued in the administrative remedy procedure available. See exhibit 1 attached. The respondents agent did not answer timely so the petitioner construed that as a constructive denial thereof.

    On or about March 8, 2007 petitioner pursued an appeal of the agent delay in responding to the preceding grievance challeging the existence of the public safety factor, and the arbitrator thereof answer was edited March 23, 2007 suggesting that the grievance was not filed at the institution. There intentions is to suggest to the court that the grievance procedures were not exhausted which hinders the petitioner from obtaining review from the court. Moreover, the petitioner is know to challenge the respondent in court and they rather not allow petitioner access to the court for an order that result in favorable holdings against them that other inmates can use to prevent them from erroneous acts against inmates with erroneous public safety factors among other things.

    On or about March 27, 2007 the petitioner pursued recourse from the final  appeal arbitrator and they upheld the deception of delaying an answer of the preceding grievances to impede the petitioner from being recognized as having exhausted the administrative remedy procedure. In

(2)

fact, the final appeal arbitrator could have invoked its discretion an corrected the erroneous application of the use of the public safety factor that inapplicable against the petitioner because petitioner does not have a sentence over thirty (30) years and the type of criminal behaviors that pose a threat to the public. It is certainly not a threat to the public to allow a pickpocket roam society since there is no force, threat, violence thus during the commission of such a crime. So where is the respondents justification for their use of a public safety factor. See exhibit 2 attached. See also the Program Statement 5100.07, Page 7, Chapter 7 for review attached.

## STATEMENT OF THE CASE

The petitioner argues that it is a violation of the due process clause to erroneous apply a public safety factor when the petitioner has neither of the components for its basis. And for that reason the district court should issue a order directing the respondents to remove the public safety factor forthwith.

## POINTS AND AUTHORITIES OF LAW

The District of Columbia Court Of Appeal Circuit held that a writ of habeas corpus is appropiate for a prisoner challenging his conditions. See <u>McCall v Swain</u>, 510 F.2d 167 (D.C. Cir 1975). When the final arbitrator denied the grievance alleging that the petitioner had not satisfied the administrative remedy procedures was a final decision and appealable in the district court where the last decision was made.

The district court held in <u>Chatman-Bey v Meese</u>, 797 F.2d 987 (D.C. Cir 1986) that venue was proper even though the petitioner was being housed in Lewisburg Pennsylvania; thus the issue was with the Head Office of the Federal Bureau of Prison like in this case, therefore the petitioner writ of habeas corpus should be granted since the respondents acts and ommissions has caused the violation of the due process clause. See <u>Wolff v McDonnell</u>, 418 U.S. 539 (1974). The Supreme Court held whenever there is mandatory language in a rule, regulation or statute and an arbitrator acts or omits his duty to the moving party, then the due process clause have been violated and the court should intervene.

Because the respondents has erroneously applied the public safety factor, the district court should grant the writ of habeas corpus, or in alternative, direct respondents to show cause why the district court should not grant the writ.

Date: *April 25, 2007*

Without Prejudice
UCC 1 - 207

*Andre S. Watts (c)*
Andre Sylvester Watts(c)
in behalf of debtor ANDRE
SYLVESTER WATTS, eng legis

```
                REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 6, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : ANDRE WATTS, 13799-083
      LEE USP    UNT: J    QTR: J01-112L
      P.O. BOX 900
      JONESVILLE, VA 24263



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 446590-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : APRIL 6, 2007
SUBJECT 1       : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.
```

07 0913

FILED

MAY 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Watts, Andre S.    13799083    J    USP Lee
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

The arbitrator of the BP-10 isn't recognizing that there wasn't a answer by the Warden timely. 28 CFR 543.18 Whenever the arbitrator doesn't answer. The grievant has a rights to proceed to the next level; which has occured in this case. id 543.18  Informal resolution (BP-8) would be inapplicable because unit team resided over the program review. Therefore its futile. Omission by the arbitrator of determining the merits of the grievance violates the First Amendment to do redress on the grievance. Taking all the irregulaties and the preceding claim into account. It should be held that the Public Safety Factor should be rescinded or vacated and transferred to a Medium Level Facility within the grievant release location, which is 500 mile radius of the District of Columbia.

3/27/07
DATE

[signature: Andre Sylvester Watts]
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 23, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : ANDRE WATTS, 13799-083
      LEE USP      UNT: J      QTR: J01-112L
      P.O. BOX 900
      JONESVILLE, VA 24263


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 446590-R1         REGIONAL APPEAL
DATE RECEIVED   : MARCH 13, 2007
SUBJECT 1       : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

**U.S. Department of Justice**
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Watts      Andre    S__     __13799083__     __J__     __USP Lee__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

~~The grievant appeals to this for removal of the erroneous basis for the public safety factor for it undermines my rehabilitatives opportunities~~

The grievant appeals to this level for the relief sought in the preceding grievance. Based on 28 CFR 542.18 this level should grant the relief primarily, although others reasons described below, since the arbitrators have not answered the BP-9 within 15 days or nor have they sought a extension of time totally in violation of their own rules. Additionally, the grievant proffered that because he does not have a sentence of 30 years or more or have the type of violent crime that can be proven, if reviewed by a fair minded person, poses a threat to the public. Therefore, this level should grant the relief requested.

__3-8-07__     __Andre Sylvester Watts (C.B.)__
DATE     SIGNATURE OF REQUESTER

**Part B - RESPONSE**










_____     _____
       DATE                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: __446590__

**Part C - RECEIPT**
                                    CASE NUMBER: _____

Return to: _____     _____     _____     _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
       DATE                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

**U.S. Department of Justice**  
**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____  _____  _____  _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.           UNIT         INSTITUTION

### Part A - REASON FOR APPEAL

This request/appeal is presented in accordance with applicable statutes, regulations, and policies of the Federal Bureau of Prisons which authorizes this appeal.

The grievant appeals to this level for the relief sought in the preceding grievance. Based on 28 CFR 542.18 this level should grant the relief primarily, although other reasons described below, since the arbitrators have not answered the BP-9 within 15 days or nor have they sought an extension of time totally in violation of their own rules. Additionally, the grievant proffered that because he does not have a sentence of 30 years or more or have the type of violent crime that can be proven, if reviewed by a fair minded person, poses a threat to the public. Therefore, this level should grant the relief requested.

_____       _____
        DATE                         SIGNATURE OF REQUESTER

### Part B - RESPONSE

_____       _____
        DATE                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                   CASE NUMBER: _____

---

### Part C - RECEIPT

CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.           UNIT         INSTITUTION

SUBJECT: _____

_____       _____
        DATE                  SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

1-23-07

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Watts       Andre       S__     __13799083__     __J__     __USP Lee__
           LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT              INSTITUTION

**Part A- INMATE REQUEST**

The unit team continues misinterpret grievant institutional and criminal history. A public safety factor should not be included or applied unless a prisoner have 30 years or more or violent crime that jeopardizes the public interest. The grievant have less than 5 years before he expirates on his current sentence and his crimes are Robbery via pickpocket and assualt on police via fleeing apprehension. Therefore, there is no justifiable reason to be anchored in a high security institution and the unit team only excuse is assumption from a allege and unsworn admission by a good samaritian bias observation of the struggle between the grievant an the police during the course of grievant resistance. Other than that excuse there is no basis for a public factor that erroneous holds grievant in a high security level institution. Being held in this institution impedes me from partcipating in selection of vocational program, given USP Lee only have one cirriculum taught vocational program whereas the rest are simply on the job training. Such a practice does not allow the prisoner upon release guaranteed a job because the prisoner is without a apprentice and absent of that being a ex - felon that undermines the prisoner ability to obtain gainful employment. So for the above reasons I am asking that the public safety be removed and transfer grievant to a medium level facility within the 500 mile radius of the District of Columbia, his release residence.

__1-24-07__                                              __Andre Sylvester Watts (CXB)__
   DATE                                                       SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____                                       _____
         DATE                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                 CASE NUMBER: _____

                                                           CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____

```
GIL39  600.00  *         SECURITY/DESIGNATION          *    01-27-2004
PAGE 001              *          DATA          *              12:33:30
         REGNO: 13799-083   NAME: WATTS, ANDRE                 ORG: BOP
RC/SEX/AGE: B/M/43   FORM D/T: 02-16-2000/1217   RES: WASHINGTON, DC 20001
OFFN/CHG..: DC ADULT/ROBBERY-3 TO 9YRS;ASSAULTING, RESISTING, OR
            INTERFERING WITH A POLICE OFFICER-1 TO 3YRS.
CUSTODY...: IN         BIL: BIL DCTRAN   CR HX PT: UNK    CAR:
CITIZENSHP: UNITED STATES OF AMERICA   PUB SAFETY: GRT SVRTY,SENT LGTH
CIM CONSID:                                        USM: DC
JUDGE.....: MORRISON   REC FACL: NONE        REC PROG: N/A
DETAINER..: LOW/LOW MOD SEVERITY: GREATEST   MOS REL.: 129
PRIOR.....: SERIOUS    ESCAPES.: NONE         VIOLENCE: > 10 YRS MINOR
PRECOMMT..: N/A        V/S DATE:              V/S LOC.:
OMDT REF..: NO         SEC TOT.: 12          SCORED LEV: MEDIUM
CCM RMKS..: DC TRANS CASE/NO PSI OR CONDUCT OF OFFENSE/PRIOR BOP CUSTODY/
            PRIORS: 76 ASSAULT-HIT A POLICE OFFICER;RES ARREST;JOSTLING,
            LAR/NO HX DRUGS, MED CONCERNS, OR PSY CONCERNS INDICATED IN
            THE FILE/LENGTHY DISCIPLINARY HISTORY WITH BOP/NO CIMMS/(JJB)
                       BOP AF  06-11-2001 RSN: LEVEL    MSL:
DESIG: CRL 2CP
MGTV/MVED.:
DESIG RMKS: 06-11-2001/CO/AF: TRF FRM DCDOC (LORTON) VIA A-BOP HLD: BUF.


G0002     MORE PAGES TO FOLLOW . . .
```

| CODE | DESCRIPTION - PSF |
|---|---|

F   **SEX OFFENDER.** A **male** or **female** inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements shall be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.

**Example:** According to the PSI, the inmate was specifically described as being involved in a Sexual Assault but pled guilty to Simple Assault. Based on the documented behavior, application of this PSF should be entered.

(1)  Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery);

(2)  Possession, distribution or mailing of child pornography or related paraphernalia;

(3)  Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance);

(4)  Any sexual act or contact not identified above that is aggressive or abusive in nature (rape by instrument, encouraging use of a minor for prostitution purposes, incest). Examples may be documented by state or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation;

(5)  Attempts are to be treated as if the sexual act or contact was completed; and/or,

(6)   Any offense referenced in the Sex Offender Notification and Registration Program Statement.

| CODE | DESCRIPTION - PSF |
|---|---|
| G | **THREAT TO GOVERNMENT OFFICIALS**. A **male** or **female** inmate classified with a Central Inmate Monitoring assignment of Threat to Government Official shall be housed in at least a Low security level institution, unless the PSF has been waived. |
| H | **DEPORTABLE ALIEN**. A "Deportable Alien" is a **male** or **female** inmate who is a citizen of a foreign country, rather than the United States. In addition, the inmate shall be housed in at least a Low security level institution, unless the PSF has been waived. This PSF also prevents placement in a CCC. Unless an inmate meets all of the below criteria, the PSF shall be applied: |

(1) **Documented and/or independently verified history of stable employment in the U.S.** for at least three years immediately prior to incarceration. Stable or regular employment is generally defined as full-time (40 hours a week) work. Part-time or seasonal work prior to incarceration does not meet the definition of stable employment;

(2) **Verified history of domicile in the U.S.** (five or more consecutive years immediately preceding the inmate's incarceration for the current term of confinement). For example, if an inmate was arrested and detained in March 1993 on his or her current conviction and was in the U.S. between 1980 and 1984, and again between 1992 and 1993, a PSF for Deportable Alien shall be applied since the five years were not consecutive and did not immediately precede his or her incarceration; and,

(3) **Verified strong family ties in the U.S.** Strong family ties include **only** the immediate family. Members of immediate family include: mother, father, step-parents, foster parents, brothers and sisters, spouse, and children. The word "spouse" includes a common-law relationship which has previously been established in a state which recognizes such a status. In states which do not, a common-law relationship is not considered "immediate family." For determination of applicable state laws, Regional Counsel should be consulted.

PS 5100.07
9/3/99
Chapter 7, Page 4

**CODE**          **DESCRIPTION - PSF**

The defendant or the family member's statement to the USPO preparing the PSI is not considered adequate verification for criteria (1) and (2) above.

**The PSF shall not be applied when the Immigration and Naturalization Service (INS) or the Immigration Judge has determined that deportation proceedings are unwarranted and the Institution Hearing Program (IHP)**
Case Management Activity (CMA) assignment of NO IHP or IHP CMP ND is assigned. Conversely, if the inmate is ordered deported (CMA of IHP CMP WD), the Deportable Alien PSF shall be applied regardless of the above criteria. The Deportable Alien PSF shall also be applied when FCI Oakdale institution staff assign the inmate a CMA assignment of "OAK INS," regardless of the above criteria. Cases with detainers for deportation investigations or other unusual situations will be evaluated individually.

J      **SENTENCE LENGTH.** A **male** inmate with more than ten years remaining to serve shall be housed in at least a Low security level institution unless the PSF has been waived.

A **male** inmate with more than 20 years remaining to serve shall be housed in at least a Medium security level institution, unless the PSF has been waived.

A **male** inmate with more than 30 years remaining to serve (including non-parolable LIFE sentences) shall be housed in a High security level institution unless the PSF has been waived.

K      **VIOLENT BEHAVIOR.** A **female** inmate whose current term of confinement or history involves two convictions (or findings of commission of a prohibited act by the DHO) for serious incidents of violence within the last five years shall be assigned to the Carswell Administrative Unit, FMC Carswell, Texas, unless the PSF has been waived.

L      **SERIOUS ESCAPE.** A **female** inmate who has been involved in a serious escape within the last ten years, including the current term of confinement, shall be

```
                                                     PS 5100.07
                                                   CN-2 1/31/2002
                                                 Chapter 7, Page 5
```

| CODE | DESCRIPTION - PSF |
|---|---|
| | assigned to the Carswell Administrative Unit, unless the PSF has been waived. |
| | A **male** inmate who has escaped from a secure facility (prior or instant offense) with or without the threat of violence or who escapes from an open institution or program with a threat of violence shall be housed in at least a Medium security level institution, unless the PSF has been waived. |
| M | **PRISON DISTURBANCE.** A **male** or **female** inmate who was involved in a serious incident of violence within the institution and was found guilty of the prohibited act(s) of Engaging, Encouraging a Riot, or acting in furtherance of such as described in, but not limited to institution disciplinary codes such as 103, 105, 106, 107, 212, 213 or 218. Such a finding must be in conjunction with a period of multiple institution disruptions. Males will be housed in at least a HIGH security level institution and females shall be assigned to the Carswell Administrative Unit, unless the PSF has been waived. |
| * N | **JUVENILE VIOLENCE.** A current male or female juvenile offender who has any documented single instance of violent behavior, past or present, which resulted in a conviction, a delinquency adjudication, or finding of guilt. Violence is defined as aggressive behavior causing serious bodily harm or death or aggressive or intimidating behavior likely to cause serious bodily harm or death (e.g., aggravated assault, intimidation involving a weapon, or arson). |
| O | **SERIOUS TELEPHONE ABUSE.** A male or female inmate who utilizes the telephone to further criminal activities or promote illicit organizations and who meets the criteria outlined below, must be assigned a PSF for Serious Telephone Abuse. A conviction is **not required** for the PSF if the Pre-Sentence Investigation (PSI) or other official documentation clearly indicates that the above behavior occurred or was attempted. An inmate who meets this criteria must be housed in at least a Low security level institution, unless the PSF is waived. |

```
                                              PS 5100.07
                                              CN-2 1/31/2002
                                              Chapter 7, Page 6
```

<u>The PSF should be entered if any **one** of the following criteria applies</u>.

(1) PSI or comparable documentation reveals the inmate was involved in criminal activity facilitated by the telephone who:

- meets the definition of a leader/organizer or primary motivator; or

- utilized the telephone to communicate threats of bodily injury, death, assaults, or homicides; or

- utilized the telephone to conduct significant fraudulent activity (actual or attempted) in an institution; or

- leader/organizer who utilized the telephone to conduct significant fraudulent activity (actual or attempted) in the community; or,

- arranged narcotic/alcohol introductions while confined in an institution.

(2) Federal law enforcement officials or a U.S. Attorney's Office notifies the Bureau of Prisons of a significant concern and need to monitor an inmate's telephone calls;

(3) The inmate has been found guilty of a 100 or 200 level offense code for telephone abuse. (Note: 200 level offense codes will be reviewed on a case-by-case basis to determine whether the inmate meets the criteria for a PSF Serious Telephone Abuse).; or,

(5) A Bureau of Prisons official has reasonable suspicion and/or documented intelligence supporting telephone abuse.

Note: Any inmate who is assigned the Serious Telephone Abuse PSF may be subject to restricted use of the telephone in accordance with Program Statement on Telephone Regulations for Inmates. *

## DISCONTINUED PUBLIC SAFETY FACTORS

D     Firearms
E     High Drug
J     Designation Assessment

**REQUEST FOR PUBLIC SAFETY FACTOR WAIVER.** Only the Regional Director or designee is authorized to waive a PSF. A request for waiver of a PSF shall be submitted to the Regional Office via GroupWise form EMS 409, available on BOPDOCS. The form shall be completed as described below:

    (1) This item should indicate the request is for waiver of a Public Safety Factor.

    (2) This item should indicate whether the inmate agrees with the recommended team action. If appropriate, an explanation should be provided.

    (3) This item should include current, complete, and accurate information concerning any medical problems the inmate is experiencing.

    (4) This item should include a brief description of the inmate's adjustment during this period of incarceration.

    (5) This item should provide disciplinary information including all actions reflected on the current Custody Classification Form (BP-338). Significant histories should be summarized.

    (6) It is important that the rationale include complete and specific information providing justification to support the requested action.

    (7) Indicate whether or not the inmate is eligible for a parole hearing. If yes, indicate the date of the hearing.

PS 5100.07
CN-2 1/31/2002
Chapter 7, Page 8

Table 7-2

| SECURITY DESIGNATION TABLE (FEMALES) | | |
|---|---|---|
| INMATE SECURITY LEVEL ASSIGNMENTS BASED ON CLASSIFICATION SCORE AND PUBLIC SAFETY FACTORS | | |
| Classification Score | Public Safety Factors | Inmate Security Level |
| 0 - 10 | **No Public Safety Factors**<br>Deportable Alien<br>Juvenile Violence<br>Sex Offender<br>Serious Telephone Abuse<br>Threat to Government Officials<br>Violent Behavior<br>Prison Disturbance<br>Serious Escape | **Minimum**<br>Low<br>Low<br>Low<br>Low<br>Low<br>High<br>High<br>High |
| 11 - 21 | **No Public Safety Factors**<br>Violent Behavior<br>Prison Disturbance<br>Serious Escape | **Low**<br>High<br>High<br>High |
| 22 + | | **High** |

PS 5100.0?
CN-2 1/31/2002
Chapter 7, Page 7

Table 7-1

| SECURITY DESIGNATION TABLE (MALES) | | |
|---|---|---|
| INMATE SECURITY LEVEL ASSIGNMENTS BASED ON CLASSIFICATION SCORE AND PUBLIC SAFETY FACTORS | | |
| Classification Score | Public Safety Factors | Inmate Security Level |
| 0 - 5 | **No Public Safety Factors**<br>Deportable Alien<br>Juvenile Violence<br>Greatest Severity Offense<br>Sex Offender<br>Serious Telephone Abuse<br>Threat to Government Officials<br>Sentence Length<br>   Time remaining > 10 Yrs<br>   Time remaining > 20 Yrs<br>   Time remaining > 30 Yrs<br>      Includes non-parolable LIFE/<br>      Death penalty cases<br>Serious Escape<br>Disruptive Group<br>Prison Disturbance | **Minimum**<br>Low<br>Low<br>Low<br>Low<br>Low<br>Low<br><br>Low<br>Medium<br>High<br><br><br>Medium<br>High<br>High |
| 6 - 8 | **No Public Safety Factors**<br>Serious Escape<br>Sentence Length<br>   Time remaining > 20 Yrs<br>   Time remaining > 30 Yrs<br>      Includes non-parolable LIFE/<br>      Death penalty cases<br>Disruptive Group<br>Prison Disturbance | **Low**<br>Medium<br><br>Medium<br>High<br><br><br>High<br>High |
| 9 - 14 | **No Public Safety Factors**<br>Disruptive Group<br>Prison Disturbance<br>Sentence Length<br>   Time remaining > 30 Yrs<br>      Includes non-parolable LIFE/<br>      Death penalty cases | **Medium**<br>High<br>High<br><br>High |
| 15 + | | **High** |